ANNA T. DODGE AND HOWARD B. BLOOMER, EXECUTORS OF THE WILL OF HORACE E. DODGE, DECEASED, AND ANNA T. DODGE, AND JOHN BALLANTINE, TRUSTEES' UNDER THE WILL OF HORACE E. DODGE, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4641.    Promulgated August 3, 1928.

224

*Joseph E. Davies, Esq., John W. Davis, Esq., Arthur J. Lacy, Esq., Clarence E. Wilcox, Esq., Franklin D. Jones, Esq., Sidney T. Miller, Esq., Herbert Pope, Esq., E. Barrett Prettyman, Esq., Lewis H. Paddock, Esq., Raymond H. Berry, Esq., Montgomery B. Angell, Esq., Luman W. Goodenough, Esq., Russell A. McNair, Esq.,* and *Raymond N. Beebe, Esq.,* for the petitioners.

*A. W. Gregg, Esq., W. Hall Trigg, Esq., Floyd F. Toomey, Esq., E. C. Lake, Esq.,* and *J. F. Greaney, Esq.,* for the respondent.

BEFORE STERNHAGEN, MARQUETTE, AND VAN FOSSAN.

OPINION.

Marquette: The first two issues raised by the pleadings in this proceeding are identical with the issues in the case of *James Couzens, supra*, and the facts relative thereto are substantially the same as in the Couzens case. On the authority of our decision in *James Couzens, supra*, we hold that the respondent had the right to determine the fair market price or value of Horace E. Dodge's stock in the Ford Motor Co., and from the evidence we find that the fair market price or value of said stock on March 1, 1913, was at the rate of $10,-000 per share. Therefore, the basis for computing the gain from the sale of the stock owned by Horace E. Dodge was $10,000,000 and the gain was $2,500,000 instead of $3,010,660, as returned.

The other issues herein are the same as those raised by the amended answer and replication in the case of *John F. Dodge* v. *Commissioner*, this day decided, 13 B. T. A. 201, and the facts are essentially the same as those in that case. On the authority of our decision in the *Estate of John F. Dodge, supra*, we hold: (1) That assessment and collection of the additional tax asserted by the respondent in his amended answer herein are not barred by the statute of limitation; (2) that the contributions or gifts made by Horace E. Dodge to the Detroit Patriotic Fund, the Eastminster Presbyterian Church, the Presbyterian Finance Committee, and the Protestant Orphan's Asylum, as set forth in paragraphs 11, 12, 13, and 14 of the findings of fact herein, were not made in the year 1919 within the meaning of

the Revenue Act of 1918, and are not deductible in computing the net income of Horace E. Dodge for 1919, and (3) that Horace E. Dodge realized no income from the sale of the Berger option.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

SMITH, MORRIS, ARUNDELL, and MILLIKEN did not participate in the consideration or decision of this proceeding.